# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY L. HILL, INSTITUTIONAL SECURITIES CORPORATION | § § § § | |
| | § | 4:07CV315 |
| v. | § § | |
| THOMAS W. ANDERSON, RSGROUP TRUST COMPANY, A.J. WALKER, AND RETIREMENT SYSTEMS DISTRIBUTORS, INC. | § § § § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

Now before the Court is Defendants' Motion to Remand and Plaintiffs' Response (Dkt. 43). Defendants' motion was filed on July 8, 2009, approximately one month before jury selection in this matter is set to begin. In their motion, Defendants Thomas W. Anderson, RSGroup Trust Company, A.J. Walker, and Retirement Systems Distributors, Inc. seek remand of this case to state court because Plaintiffs amended their complaint to remove the Lanham Act claim upon which the initial removal was based. Apparently, Plaintiffs dropped their Lanham Act claim in their Second Amended Complaint which was filed on March 24, 2008 – more than one year prior to Defendants' request for remand. Plaintiffs oppose remand of the case at this time. The Court notes that both sides have offered very little briefing or authorities in support of their respective positions.

This is a suit regarding alleged competition and other tortious acts by and among various securities brokers and their representatives and advisors regarding investments services provided to

professors and other employees of universities in Texas. It was originally removed from state court by Defendants Thomas W. Anderson and RSGroup Trust Company on the grounds that Plaintiffs' allegation of Lanham Act violations gave this Court federal question jurisdiction over the suit. As noted above, since then, Plaintiffs have abandoned their Lanham Act claim. Also since then, Defendants RSGroup Trust Company and Retirement Distributors, Inc. made a third-party complaint against Mickey Lea and Steve Garvin, asserting claims of slander per se and tortious interference with contracts.[1] The only claims which Plaintiffs still assert in this case are state law claims of tortious interference with continuing business relationship, slander per se, breach of contract, negligence and conversion.

Defendants argue that the Court has no jurisdiction to hear the remaining claims. As set forth below, the Court disagrees.

It is undisputed that Plaintiffs' original claim under the Lanham Act gave rise to federal question jurisdiction. Despite Defendants' recently-lodged arguments that this Court lacks jurisdiction over the remaining claims, at the time of removal, this Court had jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367's supplemental jurisdiction provisions. 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district

---

[1] Curiously, in their Third Party Complaint the same Defendants who seek remand here arguing there is no longer jurisdiction because of the dropped Lanham Act claim, allege that the case was originally removed on the basis of *diversity of citizenship* and state that the Court has jurisdiction over their third-party claims by virtue of 28 U.S.C. §1367's supplemental jurisdiction. *See* Dkt. 25 at page 2. While there is nothing in the removal paperwork to support this claim of diversity jurisdiction, the Court notes Defendants' seemingly shifting positions as to the basis for the Court's jurisdiction and cautions Defendants to proceed with caution in making such representations in future pleadings.

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."). While the parties' pleadings do not specifically allege such supplemental jurisdiction, it is "well settled that where a complaint fails to cite the statute conferring jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (internal citations omitted). Here, there has been no argument that the state law claims were not part of the same case or controversy as Plaintiffs' subsequently dropped Lanham Act claim. And, having reviewed the complaint on the record at the time of removal, the Court finds that the remaining claims are sufficiently related to the Lanham Act claim for purposes of Section 1367's supplemental jurisdiction provisions.

The fact that the basis for original federal question jurisdiction – the Lanham Act claim – has been abandoned by Plaintiffs does not destroy jurisdiction here. "It is well settled that a plaintiff's voluntary amendment to a petition after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction." *Lone Star Ob/Gyn Assocs. v. Aetna Health, Inc.*, 557 F. Supp.2d 789, 809 (W.D. Tex. 2008) (citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985)). Here, there has been no allegation by either party that the initial removal was improper. Indeed, it is the removing parties – Defendants – who now seek remand.[2] Under Fifth

---

[2]The Court notes that the fact that Defendants initially removed the case does not necessarily bar them from later seeking remand. "Since subject matter jurisdiction cannot be conferred upon a federal court by consent of the parties, a removing defendant also may properly make a motion for remand on the grounds of lack of federal jurisdiction." 29A FED. PROC. L.

3

Circuit precedent, this Court "has discretion to remand a case where the removal was based upon a claim later abandoned, despite the pendency of federal claims in the principal action." *In re Wilson Indus., Inc.*, 886 F.2d 93, 95 (5th Cir. 1989). And, as recently noted by United States supreme Court:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See* §§ 1367(a), (c) ... ***As a result, "the [district] court's exercise of its discretion under § 1367(c) is not a jurisdictional matter.*** Thus, the court's determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect." 16 J. Moore et al., *Moore's Federal Practice* § 106.05[4], p. 106-27 (3d ed.2009).

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866-67 (2009).

In exercising its discretion, the Court considers principles informing the pendent jurisdiction doctrine: economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988). Weighing these factors, the Court chooses to exercise supplemental jurisdiction over the remaining claims.

First, the matter was on the Court's docket for more than two years. Notably, Defendants waited for more than a year after the filing of the amended complaint to seek remand. And, since Plaintiffs filed their amended complaint, Defendants actively participated in litigation before this Court, including seeking several amendments of the scheduling order, filing a motion for more definite statement, and submitting witness lists, deposition designations, a motion in limine, and proposed jury instructions. The Court finds that a remand at this juncture would not serve judicial economy or be fair to the opposing parties – who, quite notably, were not the ones to originally select

---

ED. § 69:137.

this federal forum to resolve this dispute. The claims shall remain before this Court, and the motion to remand is DENIED.

**SO ORDERED.**

**SIGNED this 31st day of July, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE